THAD OLIVER v. STATE.

No. A-1228.    Opinion Filed January 23, 1912.

Appeal from Seminole County Court; T. S. Cobb, Judge.

Thad Oliver was convicted of violating the prohibitory law, and appeals. Affirmed.

Davis & Davis, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted at the January, 1911, term of the county court of Seminole county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of one hundred dollars and imprisonment in the county jail for a period of thirty days, in accordance with the verdict of the jury. No briefs have been filed on behalf of plaintiff in error, and no appearance made for oral argument. The Attorney General has filed a motion to affirm for want of prosecution under rule 4 of this court. The motion is sustained. Let the judgment be affirmed.

---

ROY PEEL v. STATE.

No. A-1323.    Opinion Filed January 23, 1912.

Appeal from Oklahoma County Court; John W. Hayson, Judge.

Pruiett & Sniggs, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Roy Peel, plaintiff in error, was convicted in the county court of Oklahoma county upon an information charging the unlawful possession of intoxicating liquors with the intention to violate provisions of the prohibition law. Upon a trial had the jury returned a verdict of guilty and assessed his punishment at a term of one hundred and twenty days in the county jail and to pay a fine of four hundred dollars. May 11, 1911, the court sentenced the defendant in accordance with the verdict of the jury. Numerous errors are assigned in the petition, but from a careful examination of the record our conclusion is that the errors alleged are destitute of merit. The information sufficiently charges the offense. The exceptions to the rulings of the court on the taking of testimony are not well taken, and the law of the case was fairly presented in the instructions given. We cannot see that any mistake has been made or injustice done. The judgment of the trial court is therefore affirmed. Mandate to issue forthwith.